IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. ANDERSON, #00646-707   *
        Petitioner
    v.                            *    CIVIL ACTION NO. JFM-13-570

ERIC H. HOLDER, JR., *et al.*   *
        Respondents.
                         *****

MEMORANDUM

On April 16, 2012, the United States District Court for the District of Columbia received for filing a 28 U.S.C. § 2241 Petition from Michael A. Anderson ("Anderson"), who was confined in the Rivers Correctional Institution in Winton, North Carolina. Anderson contended that the Bureau of Prisons ("BOP") violated his liberty interests and due process rights by failing to provide him a certificate showing the completion of a 1985 sentence and in miscalculating and disregarding his custody and good time credits on his aggregate 24-year sentence. ECF No. 1. Judge Colleen Kollar-Kotelly granted respondents' motion to transfer on January 18, 2013, and the matter was transferred to the United States District Court for the District of North Carolina on February 8, 2013. On February 22, 2013, however, the case was transferred to this court from North Carolina U.S. District Court Judge James C. Fox, it appearing that Anderson had been moved from North Carolina to a halfway house in Baltimore, Maryland.

Currently pending before the court is respondents' unopposed motion to dismiss or for summary judgment, construed as a motion for summary judgment.[1] ECF No. 29. For reasons to follow, respondents' motion shall be granted and the petition shall be denied and dismissed.

---

[1] On July 8, 2013, the court received Anderson's request for an extension of time, filed by respondents' counsel on Anderson's behalf. By Order entered July 30, 2013, the request was granted to and including August 22, 2013. ECF No. 32. On August 22, 2013, that Order was returned to the court as "not deliverable." ECF No. 33. The BOP inmate locator web site confirms that Anderson was released from

Respondents maintain that on April 26, 1985, Anderson was sentenced to a 15-year term of imprisonment for armed robbery in the Superior Court of the District of Columbia ("Superior Court"). ECF No. 29 at Exs. 1 & 16. He was awarded ninety-four days of jail credit. *Id.* Anderson was granted parole by the District of Columbia Board of Parole on June 8, 1989 and was to remain under supervision until January 22, 2000. *Id.* at Ex. 2. On September 17, 1992, however, Anderson received a new 24-year sentence from the Superior Court for the attempted distribution of cocaine. *Id.* at Ex. 3. This sentence was to run concurrently with Anderson's prior sentence. The District of Columbia Board of Parole revoked Anderson's parole on his 1985 sentence on November 18, 1992, and declared he would be considered for re-parole at the same time he was to be reviewed for parole on his aggregated sentence. *Id.* at Ex. 4.

Respondents argue that under BOP Program Statement 5880.33, an inmate serving a D.C. Code parole violation term must serve the balance of the term remaining at the time of release on parole, upon the revocation of parole. *Id.* at Ex. 16, Attachment 7. Under the technical requirements of that Program Statement, the violation term is calculated as commencing on the date the respective violation warrant was executed; good time credits earned by an inmate during a previous term may not be utilized to reduce the period of confinement the inmate is to serve for violating conditions of parole; and an old sentence in the District of Columbia may be aggregated with a Good Time Credits Act[2] sentence imposed for an offense on or after April 11, 1987, but prior to June 22, 1994.

---

confinement on August 1, 2013. On August 26, 2013, the court received Anderson's motion for appointment of counsel. ECF No. 34. The motion is undated, but appears to have been prepared in July of 2013.

[2] From April 11, 1987, through June 22, 1994, the calculation of good time credits for D.C. Code offenders was governed by the District of Columbia Good Time Credit Act of 1986 ("Good Time Credits Act"), formerly codified at D.C. Code § 24-428 *et seq.* In 1994, the Good Time Credits Act was replaced by the Omnibus Criminal Justice Reform Amendment Act of 1994 ("Justice Reform Act"), D.C. Law 101–151, codified at D.C. Code § 24–221.01 *et seq.*

Respondents maintain that if computed separately, the statutory release date and expected full term date of Anderson's 1985 sentence would be earlier than the statutory release date and expected full term date of his concurrent twenty-four year term. They therefore argue that the two terms may be aggregated to form a single expected full term date and parole eligibility date. ECF No. 29 at Ex. 16, Attachment 10. On May 29, 1998, the District of Columbia Department of Corrections applied the aforementioned regulations and prepared an updated sentence computation for Anderson, reflecting a 3,881 day "old" violation term, a concurrent 8-to 24-year Good Time Credits Act sentence, and an expected full term date of September 16, 2016. *Id*. at Ex. 16, Kelly Decl. An additional one-day credit for time spent in custody was awarded, making Anderson's expected full-term date to be September 15, 2016.

On February 1, 1999, the Parole Commission ("Commission") ordered Anderson paroled on his new sentence and re-paroled on his fifteen year term. Parole was effective on July 16, 1999. He was to remain under supervision until September 16, 2016. *Id*. at Exs. 5 & 6. Unfortunately for Anderson, on December 7, 2007, the United States District Court for the District of Columbia sentenced him to a 40-month term, later reduced to 33 months under the Fair Sentencing Act, to be followed by three years supervised release for distribution of cocaine base and cannabis, possession with intent to distribute cocaine, and possessing a firearm during a drug trafficking offense. *Id*. at Exs. 7 & 8. Respondents correctly assert that the 2007 offense cannot be aggregated with any other sentence because it occurred after the April 1996 enactment of the Prison Litigation Reform Act of 1995 ("PLRA").[3] The BOP prepared a sentence computation based on the 33-month term of

---

[3] Anderson's third sentence in 2007, as a Prison Litigation Reform Act ("PLRA") sentence, was subject to 18 U.S.C. § 3624(b)(2), which provides that notwithstanding any other law, credit awarded for satisfactory behavior pursuant to § 3624(b)(1) after the date of the enactment of the PLRA shall not vest until

confinement commencing on April 8, 2008, when Anderson voluntarily surrendered for service on the offense. ECF No. 29 at Ex. 16, Kelly Decl., Attachment 14.

On April 29, 2008, the Commission issued a warrant application charging Anderson with violating the condition of parole due to his 2007 convictions. *Id*. at Exs. 9 & 10. The warrant was placed as a detainer due to the fact that Anderson was already in custody on the 2007 sentence. *Id*. at Ex. 11. Anderson completed the 33-month sentence on February 27, 2010, and was taken into custody on the Commission's warrant on August 31, 2010. He received a revocation hearing on October 15, 2010. *Id*. at Ex. 12. Anderson's parole was revoked on November 24, 2010. The Commission ordered that he receive no credit for time spent on parole and that he be re-paroled June 2, 2013. *Id*. at Ex. 13. On October 5, 2012, however, the Commission reopened Anderson's case based upon his violation of prison rules and delayed his parole date by 60 days. *Id*. at Ex. 15. He was released on presumptive parole on August 2, 2013.

Insofar as Anderson[4] claims that his constitutional right was violated when he was not provided a certificate of completion of his 1985 sentence, he fails to state the foundation of that alleged due process right. The court observes that the District of Columbia's parole provisions do not create a liberty interest. *See Thompson v. Veach*, 501 F.3d 832, 836-37 (7th Cir. 2007).

Further, the court is unaware of any constitutional provision which grants the BOP or Commission the discretion to issue a discharge certificate to defendants who had completed their

---

the date the prisoner is released from custody. This provision precludes earlier vesting of good conduct time credits, which was possible under prior law. It is thus consistent with the statutory scheme that the PLRA sentences shall be aggregated with each other but shall not be aggregated with any other sentence due to statutory differences.

[4] As previously indicated, Anderson has filed an eleventh-hour motion for appointment of counsel, claiming that he is unable to afford an attorney, the issues are complex, he has no legal training, his confinement at a halfway house limits his ability to conduct proper research. *Id*. The court shall deny the motion, finding no exceptional circumstances warranting the appointment of counsel.

sentence or their term of parole. Indeed, the only provision applicable under the District of Columbia Code would be 28 C.F.R. § 2.92(c), which provides that when a parolee's sentence expires, the supervision officer shall issue a certificate of discharge to the parolee. As noted by respondents, even assuming, arguendo, that this regulation created a due process right, the Commission is not responsible for issuing a certificate. Moreover, Anderson's 1985 sentence has not expired; it was aggregated with the 24-year sentence imposed in 1992 and his sentences became a single aggregate parolable sentence of 24 years, as the remaining portion of his 15-year sentence was absorbed into his 24-year sentence.

Insofar as Anderson takes issue with the calculation of his time spent in custody, computation of a federal defendant's sentence rests within the jurisdiction of the BOP. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The court has reviewed the BOP's computation of Anderson's sentences and finds no constitutional infirmities. He has received all the days to which he is entitled given his multiple sentences, parole violations, and forfeited street time.

Further, District of Columbia Code § 24-406(a) provides that:

> When a prisoner has been retaken upon a warrant issued by the United States Parole Commission ("Commission"), he shall be given an opportunity to appear before the Commission, a member thereof, or an examiner designated by the Commission. At such hearing he may be represented by counsel. The Commission may then, or at any time in its discretion, revoke the parole or modify the terms and conditions thereof. If the order of parole shall be revoked, the prisoner, unless subsequently re-paroled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence.

The statute thus provides that good time credits may not be used to reduce an inmate's full term sentence date and are forfeited upon the revocation of parole. The court concludes that

5

Anderson has been awarded all the good time credits to which he was entitled given his revocations of parole.

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). Anderson does not satisfy this standard, and the court declines to issue a certificate of appealability. For the aforementioned reasons respondents' motion shall be granted and the petition for writ of habeas corpus shall be denied and dismissed. A separate order follows.

Date: August 27, 2013              \_\_/s/_____
                                   J. Frederick Motz
                                   United States District Judge